IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | **6:06cv2741-HMH** |
| | ) | |
| vs. | ) | |
| | ) | |
| Calvin Rosemond, Jr., | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Calvin Rosemond's ("Rosemond") "Request to Reopen the Judgment due to Deprivation of Petitioner's Right to Counsel of Choice." The court construes this as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reason set forth below, the court dismisses Rosemond's § 2255 motion.

The United States Court of Appeals for the Fourth Circuit has admonished the court to be watchful and distinguish "a proper Rule 60(b) motion from a successive [motion pursuant to 28 U.S.C. § 2255] in 60(b)'s clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (internal quotation marks omitted). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255 motion]." Id. at 206. Furthermore, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals." Id. at 205. Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims." Id.

Therefore, the court must distinguish a proper Rule 60(b) motion from a § 2255 motion. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255 motion], while a motion seeking a remedy for some defect in the

1

collateral review process will generally be deemed a proper motion to reconsider." Id. at 207. Rosemond's motion attacks the validity of his conviction and sentence. Therefore, the court construes Rosemond's instant motion as one to vacate, set aside, or correct his sentence pursuant to § 2255.

Rosemond filed a § 2255 motion on February 3, 2005,[1] which the court summarily dismissed on March 22, 2005. As such, the instant § 2255 motion is successive. As noted above, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 (2006) ("A second or successive motion [under this section] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Rosemond has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion. Additionally, Rosemond has failed to show "[reliance] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" such that his motion should not be considered successive. Gonzalez v. Crosby, 125 S. Ct. 2641, 2646 (U.S. 2005); see 28 U.S.C. § 2244(b)(2) (West Supp. 2006). Therefore, this court lacks jurisdiction over Rosemond's § 2255 motion.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

It is therefore

**ORDERED** that Rosemond's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

                                                          s/Henry M. Herlong, Jr.
                                                          United States District Judge

Greenville, South Carolina
September 29, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.